**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------×
EDUARDO SANTANA,

           *Plaintiff,*                                          **21 CV 23**

    *v.*

                                                              **COMPLAINT**
FHA CONTRACTING CORP.,

           *Defendant.*
-----------------------------------------------------------------------×

    Plaintiff Eduardo Santana, by his counsel, The Liddle Law Firm PLLC, alleges for his Complaint against Defendant FHA Contracting Corp. ("FHA") as follows:

## NATURE OF CLAIM

    1.    In this employment discrimination action, Plaintiff Santana seeks damages and costs against Defendant FHA for discriminating against him based on his disability and/or age by terminating his employment, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*; and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 *et seq.*

## JURISDICTION, VENUE, AND ADMINISTRATIVE PREREQUISITES

    2.    Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under the ADA and ADEA.

    3.    Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's NYCHRL claims, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

    4.    All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a Notice of Right to Sue dated October 9, 2020, relating to the discriminatory acts

described in this Complaint. This action was properly instituted within 90 days of the issuance of the Right-to-Sue letter.

## PARTIES

5.  Plaintiff Santana, at all times relevant hereto, was and is a resident of Queens County in the State of New York.

6.  Upon information and belief, at all times relevant hereto, Defendant FHA was and is a domestic business corporation organized under the laws of the State of New York with its principal place of business located at 197-30 Jamaica Avenue, Hollis, New York 11423 (the "Hollis Location").

7.  FHA is in the real estate/managers business and employees more than 15 people at any given time.

## STATEMENT OF FACTS

8.  Santana was born in June 1960.

9.  On April 21, 2014, FHA hired Santana as a full-time Maintenance Porter at its Hollis Location.

10. Santana was responsible for the maintenance of two buildings, each building consisting of three floors.

11. Santana's duties included maintaining a clean and safe environment for residents of the buildings and other assigned duties as a maintenance porter.

12. Santana had diabetes and a heart condition.

13. Due to his heart condition, Santana underwent surgery on December 20, 2019.

14. After the surgery, Santana needed to rest for several days.

15. On December 30, 2019, Santana returned to work.

16. On January 14, 2020, FHA's Office Manager, Fred Stark, called Santana, as well as several other employees, into the office for one-on-one meetings with him and his brother, Alan Stark.

17. Santana was the last employee to meet with Fred and Alan Stark.

18. During the meeting, Fred Stark told Santana that Santana "seemed like he was not performing his job adequately after his surgery."

19. Fred Stark also told Santana that there was not enough work at the company and that he was being let go.

20. Fred Stark then terminated Santana's employment.

21. At the time of Santana's termination, he was 59 years-old.

22. The reasons FHS provided were pretext for disability and/or age discrimination.

23. First, Santana's performance had not changed.  At the time of his termination, he was performing his job duties as adequately as he had during the tenure of his employment.

24. Notably, Santana had not received any write ups or written criticisms since his return.

25. Second, there was no discernable shortage of work.

26. Upon information and belief, FHA did not terminate any other employees besides Santana.

27. FHA also had recently hired new employees.

28. Upon information and belief, these employees were younger than Santana.

29. For example, in or around November 2019, FHA hired a 23-year-old Colombian man, known to Santana as "J.P. Londoño."

30. FHA terminated Santana due to his age and/or disability.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**Wrongful Termination Based Disability in Violation of ADA**

31. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

32. The ADA prohibits an employer from discriminating against an employee in terms, conditions, or privileges of employment on the basis of a disability, perceived disability, or record of disability.

33. Defendant violated the ADA when it terminated Plaintiff on the basis of his disability, perceived disability, and/or record of disability.

34. As a direct and proximate consequence of Defendant's disability discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, economic loss and emotional distress and suffering, all in amounts to be determined at trial.

35. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

### SECOND CAUSE OF ACTION
**Wrongful Termination Based Age in Violation of ADEA**

36. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 35 with the same force as though separately alleged herein.

37. The ADEA prohibits an employer from discriminating against employees over 40 years of age on the basis of age.

38. Plaintiff is over 40 years of age.

39. Defendant violated the ADEA when it terminated Plaintiff because of his age.

40. As a direct and proximate consequence of Defendant's age discrimination, Plaintiff has suffered, and continues to suffer, substantial damages, including, but not limited to, emotional distress and suffering, all in amounts to be determined at trial.

41. Defendant's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's protected rights. Accordingly, Plaintiff is entitled to an award of punitive damages against Defendant.

## THIRD CAUSE OF ACTION
### Wrongful Termination Based Disability in Violation of NYCHRL

42. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force as though separately alleged herein.

43. Section 8-107(1)(a)(2) of the NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis or perception of disability.

44. Defendant violated the NYCHRL when it terminated Plaintiff's employment based, at least in part, on a disability or its perception of a disability.

45. As a direct and proximate consequence of Respondent's disability discrimination, Claimant has suffered, and continues to suffer, substantial damages, including, but not limited to, back and front pay, and emotional distress damages, all in amounts to be determined at trial.

46. Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard. Accordingly, Plaintiff is entitled to an award of punitive damages against Respondent.

## FOURTH CAUSE OF ACTION
### Wrongful Termination Based Age in Violation of NYCHRL

47. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 46 with the same force as though separately alleged herein.

48. Section 8-107(1)(a)(2) of the NYCHRL prohibits an employer from discriminating against an employee in compensation or in terms, conditions, and privileges of employment on the basis of age.

49. Defendant violated the NYCHRL when it terminated Plaintiff's employment based, at least in part, on age.

50. As a direct and proximate consequence of Respondent's age discrimination, Claimant has suffered, and continues to suffer, substantial damages, including, but not limited to, back and front pay, and emotional distress damages, all in amounts to be determined at trial.

51. Defendant's discriminatory treatment of Plaintiff involved a conscious disregard of Plaintiff's rights or conduct so reckless as to amount to such disregard. Accordingly, Plaintiff is entitled to an award of punitive damages against Respondent.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first cause of action, back pay, front pay, reinstatement, compensatory damages, punitive damages, and attorneys' fees and costs;

B. For the second cause of action, back pay, front pay, reinstatement, compensatory damages, punitive damages, and attorneys' fees and costs;

C. For the third cause of action, back pay, front pay, reinstatement, compensatory damages, punitive damages, and attorneys' fees and costs;

D. For the fourth cause of action, back pay, front pay, reinstatement, compensatory damages, punitive damages, and attorneys' fees and costs; and

E. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 4, 2021

**THE LIDDLE LAW FIRM PLLC**

By: _____
Edgar M. Rivera [ER-1378]
1177 Avenue of Americas, 5th Fl.
New York, NY 10036
Direct: (646) 452-7212
Mobile: (646) 400-2249
erivera@liddlelaw.com

*Attorneys for Plaintiff*